UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

455 COMPANIES, LLC,

        Plaintiff,                                   Civil Action No. 16-CV-10034

v.                                               HON. MARK A. GOLDSMITH

LANDMARK AMERICAN
INSURANCE COMPANY,

        Defendant.
_____/

**OPINION AND ORDER
DENYING SIGNAL USA, LLC'S MOTION TO INTERVENE (Dkt. 22)**

Non-party Signal USA, LLC recently filed a motion seeking to intervene in the instant action (Dkt. 22). Plaintiff 455 Companies, LLC and Defendant Landmark American Insurance Company both filed responses in opposition to Signal's motion (Dkts. 25, 26). After a hearing on the motion, the Court entered an order directing Signal to submit a supplemental brief regarding whether this Court has jurisdiction over the proposed intervention. See 6/27/2016 Order (Dkt. 28). The Court ordered Signal to address how it should be aligned and to set forth the citizenship of its members. Id. The order also directed Signal to include authority regarding the propriety of a limited role for Signal, such as only having a right to receive notice of a settlement. Id. The order also allowed Plaintiff and Defendant to submit response briefs. Id. Signal's supplemental brief, as well as the briefs in response by Plaintiff and Defendant, were subsequently filed with the Court (Dkts. 29, 30, 31). For the reasons discussed fully below, the Court denies Signal's motion to intervene.

1

**I. BACKGROUND**

Plaintiff purchased an insurance policy from Defendant to insure premises located at 455 West Fort Street in Detroit. Compl. ¶ 14 (Dkt. 1-1). The policy covered the period from July 8, 2014 to July 8, 2015. Id. On January 12, 2015, a pipe in a fifth floor restroom burst and caused extensive water damage to the insured premises. Id. ¶ 3. On January 13, 2015, Plaintiff entered into a contract with Signal in which Signal agreed to provide emergency mitigation and restoration services at the insured premises. Signal Contract ¶ 1, Ex. B to Signal's Mot. at 97 (cm/ecf page). The contract included both a provision assigning Signal Plaintiff's interest in its insurance proceeds as well as a clause that stated that Plaintiff agreed to authorize Defendant to include Signal's name on all insurance drafts for all work that it would perform at the insured premises. Id. The contract also stated that, in the event Plaintiff did not receive its insurance proceeds, Plaintiff would be personally liable for the cost of up to 20% of Signal's work. Id. ¶ 2.

On March 27, 2015, upon completion of its work, Signal sent an invoice to Plaintiff in the amount of $1,123,280.35. See Signal Compl. ¶ 15, Ex. C to Signal Mot. at 103 (cm/ecf page). Signal then conducted additional work and sent another invoice to Plaintiff in the amount of $33,202.63. Id. ¶ 16. On March 29, 2016, just over a year after it sent its initial invoice to Plaintiff, Signal filed a complaint against Plaintiff in Michigan state court seeking the remaining $1,056,482.98 owed plus interest, costs, and attorneys fees. See generally Signal Compl., Ex. C to Signal Mot. at 99-109 (cm/ecf pages). Signal filed its motion to intervene in this action on April 27, 2016.

**II. ANALYSIS**

Rule 24 of the Federal Rules of Civil Procedure allows intervention by right, provided that the person "claims an interest relating to the property or transaction that is the subject of the action,

2

and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Sixth Circuit has held that a proposed intervenor must establish the following four elements:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.

United States v. Michigan, 424 F.3d 438, 443 (6th Cir. 2005).
The proposed intervenor is required to fulfill each of the four factors; failure to meet one of the factors will result in denial. Id.

In regard to timeliness, this Court must consider five factors: (i) the progress of the suit at the time of the motion, (ii) the purpose of the intervention, (iii) the length of time prior to the motion during which the proposed intervenors knew or should have known of their interest in the case, (iv) prejudice to the original parties as a result of proposed intervenor's failure to intervene after they knew or should have known of their interest, and (v) the existence of unusual circumstances. Blount-Hill v. Zelman, 636 F.3d 278, 284 (6th Cir. 2011). "No one factor is dispositive," but rather, the determination of timeliness depends on the consideration of the relevant circumstances. Id.

Here, it seems that Plaintiff and Defendant concede that Signal's motion to intervene was timely. Furthermore, a review of the relevant factors demonstrates that the motion was filed on time. The motion was filed on April 27, 2016, just over three months after this action was removed to this Court and just over a month after the case management and scheduling order was entered. The parties do not contend that much progress had been made in the suit at the time of the intervention. The purpose of the Signal's intervention was presumably to ensure that they were

paid the large outstanding debt owed to them. Additionally, given that the motion was filed just over three months after removal, there was no undue delay that has prejudiced the original parties. The motion to intervene was timely.

Regarding the second factor, the Sixth Circuit has held that "the applicant for intervention must have a direct and substantial interest in the litigation, such that it is a real party in interest in the transaction which is the subject of the proceeding." Reliastar Life Ins. Co. v. MKP Investments, 565 F. App'x 369, 372 (6th Cir. 2014). In that case, banks that claimed to have been victimized by fraudulent schemes of the insured sought to intervene in the insurers' declaratory judgment coverage action. The Sixth Circuit affirmed the denial of intervention, stressing that "an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future." Id. "If 'an allegedly impaired ability to collect judgments arising from past claims' sufficed to confer a right to intervention, then 'virtually any creditor of a defendant [could] intervene in a lawsuit where damages might be awarded.'" Id. (quoting United States v. Alisal Water Corp., 370 F.3d 915, 920 (9th Cir. 2004)). Reliastar is particularly instructive, because the Sixth Circuit noted that where a creditor does not yet have a judgment — the circumstance in which Signal finds itself— it has no "substantial legal interest" in the coverage action. Id. at 373.

Signal seeks to satisfy the "substantial legal interest" requirement by pointing to its right to insurance proceeds. See Signal Br. at 6. However, Signal's right is only contingent at this point, given that Defendant disputes whether it owes any indemnification to Plaintiff. Signal's only real interest is in ensuring that Plaintiff will have sufficient funds to satisfy any potential judgment rendered in Signal's favor in the Michigan state action. As noted above, a proposed

4

intervenor does not have a substantial legal interest "where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future." Reliastar, 565 F. App'x at 372.  Signal's failure to establish a substantial legal interest is fatal to its application, because "failure to meet one of the criteria will require that the motion to intervene be denied." Michigan, 424 F.3d at 443.

Signal's motion fails for another reason, as it cannot show that whatever interest it has would not be adequately represented by Plaintiff.  Signal cannot satisfy this requirement, even though it is a "minimal" burden.  Davis v. Lifetime Capital, Inc., 560 F. App'x 477, 495 (6th Cir. 2014).  The goals of both Signal and Plaintiff are the same: to collect as much money from Defendant as is necessary to cover the expense of remediation.  Given that Plaintiff is responsible for any shortfall in insurance, it has every incentive to maximize its recovery against Defendant — a recovery that will inure ultimately to Signal's benefit.[1]

### III. CONCLUSION

For the reasons stated above, the Court denies Signal's motion to intervene (Dkt.22).

SO ORDERED.

Dated: September 27, 2016                    s/Mark A. Goldsmith
Detroit, Michigan                                       MARK A. GOLDSMITH
                                                                    United States District Judge

---

[1] Arguing that limited intervention may be appropriate in certain circumstances, see United States v. City of Detroit, 712 F.3d 925 (6th Cir. 2013), Signal argues, in the alternative, for at least the right to receive notice of any proposed settlement. Signal Supp. Br. at 6. But such limited intervention does not appear prudent here, assuming it is even available without meeting the requirements of Federal Rule of Civil Procedure 24. Signal has offered no authority that it is entitled to such notice, or that Plaintiff would not honor its contractual obligation to pay over insurance proceeds to Signal. Without any cognizable right or benefit to Signal, intervention would only multiply parties and further complicate proceedings for the original parties and the Court without any return for the effort.

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2016.

                                              s/Karri Sandusky
                                              Case Manager