## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| 455 COMPANIES LLC, | : |
| | : |
| | : HON. ROBERT H. CLELAND |
| Plaintiff, | : |
| v. | : Case No.: 16-CV-10034 |
| | : |
| | : |
| LANDMARK AMERICAN | : |
| INSURANCE COMPANY, | : |
| | : |
| | : |
| Defendant. | : |

## DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

NOW COMES Defendant, LANDMARK AMERICAN INSURANCE COMPANY, by and through its attorneys, and hereby requests that the following instructions be given to the Jury in addition to those stipulated to by the parties:

## LANDMARK'S PROPOSED JURY INSTRUCTIONS

| | |
|---|---|
| M Civ JI 1.05 | Prospective Jurors – Health and Other Problems |
| M Civ JI 38.01 | Agency Relationship: Definitions of Agent and Principal |
| M Civ JI 38.10 | Agency: Apparent Agency Relationship |
| Special Inst. A | Contract / Insurance Policy |
| Special Inst. B | Breach of Contract, Generally |

450781.3

1

Special Inst. C          Insurance Policy Coverage and Exclusion

Special Inst. D          Imputed Knowledge of Policy Terms and Conditions

Special Inst. E          List of Propositions for use with M CIV JI 8.01 (a)

Special Inst. F          Conditions Precedent – Heat Maintained at 55 Degrees

Special Inst. G          Measure of Damages

Special Inst. H          Damages – Replacement Cost or Actual Cash Value

Special Inst. I          Damages – Undamaged Property

Special Inst. J          Damages – Asbestos

Special Inst. K          Damages – Mold, Fungus, Wet Rot, Dry Rot and Bacteria

Special Inst. L          Damages – Deductible

Special Inst. M          Damages – Interest

**M Civ JI 1.05 Prospective Jurors—Health and Other Problems**

(a) The witnesses who may be called in this case are:

Michael Brugger
David Eby
Philippe Katz
Matthew Pollard
Mark Stonier
Don Archer
Elizabeth Buc
Mark Davis
D. Michael Dowdall
Wayne Elliott
Brian Galbraith
Ethan Gross
Adriel Jackson
Michael Koski
David McConnell
Bryan Newell
Jeffrey Nonhof
Mark Schwartz
Isaac Sheppard
Charles Sorrell
Elie Torgow
Jim Wagner
Robert West
Caleb Williams
Paul Runde
Ian McConnell
Keith Arnold
Pete McAlpine
Ray Rivard
Anthony Paterra
Michael Reese
Dennis McQuade
Tyler Lenling
A representative of TEK Environmental & Consulting Services [if Plaintiff objects to foundation of TEK documents]
Frederick J. Abdou

A representative of ABF Environmental [if Plaintiff objects to foundation of ABF documents]

Does anyone know anyone employed by Defendant Landmark American Insurance Company or attorneys Courtney Murphy, Jacob Zissu, Eric Krejci, Michele Chapnick; anyone employed by the Plaintiff 455 Companies, LLC or its attorneys Burt Garson, James Wilson, or Alex Sugzda; or any of the witnesses?

(b) We think this trial will last for _____ weeks.  If you believe that the length of the trial will be a real hardship for you, please let me know now.

(c) Some of you may have health problems that would prevent you from serving on a jury.  Does anyone have a physical, mental, or other problem that may prevent you from serving on the jury?  For example, does anyone have a medical problem that makes you unable to sit for two or three hours at a time?  Does anyone have a sight or hearing problem?

Requested by Defendant

A standard jury instruction must be given if it is applicable and accurately states the law. MCR 2.516(D)(2); Pontiac School Distr v. Miller, Canfield, Paddock & Stone, 221 Mich. App. 602, 622; 563 N.W.2d 693 (1997).

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction because it omits, with no basis whatsoever, one of Plaintiff's "May Call" witnesses as listed in the Proposed Joint Final Pretrial Order filed with the Court on April 23, 2018.  This instruction omits

Terence Edmondson from the list of potential witnesses in the case, despite the fact that Plaintiff listed Mr. Edmondson as a "May Call" witness in its witness list in the Proposed Joint Final Pretrial Order.  Mr. Edmondson was properly included on Plaintiff's witness list because he had been "included on a witness list submitted under a prior order."  *See* Local Rule 16.2(b)(8) ("Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order or has been deposed.").  Mr. Edmondson was included on Defendant Landmark American Insurance Company's Lay Witness List on September 26, 2016 (Dkt. No. 50), submitted pursuant to the Case Management and Scheduling Order entered by Judge Goldsmith (Dkt. No. 18). *See* Dkt. No. 50 at 5 (May Call Witness No. 14).  Mr. Edmondson was properly disclosed by Plaintiff and Defendant has no basis to exclude him from the list of witnesses in Instruction 1.05.

Plaintiff is willing to stipulate to the above instruction if Mr. Edmondson is included, even though the above instruction includes witnesses such as Paul Runde and Ray Rivard, who were not properly disclosed by Defendant, because Plaintiff trusts the Court to be able to omit mention of any witness that has already been excluded by the time the instruction is read.

**M CIV JI 38.01    Agency Relationship: Definitions of Agent and Principal**

An "agent" is a person who is authorized by another to act on its behalf. The entity who has given the authority and has the right to control the agent is called the "principal." The agent's authority may be expressed or implied.

\*\*\*

Requested by Defendant

A standard jury instruction must be given if it is applicable and accurately states the law. MCR 2.516(D)(2); Pontiac School Distr v. Miller, Canfield, Paddock & Stone, 221 Mich. App. 602, 622; 563 N.W.2d 693 (1997).  Here, the instruction is applicable because 455 Companies, LLC designated the Sterling Group/COMM Group as its agents to:  a) maintain 455 West Fort Street Building[1], and b) handle the insurance claim to Landmark. (*See, e.g*., Katz Dep. 156:4-156:7, "I had Ethan Gross, as you know, was **handling the insurance claim for us with the cooperation of Sterling Group, COMgroup.**") (emphasis added.)

**PLAINTIFF'S OBJECTION:**

Plaintiff objects to this instruction only to the extent it is to the exclusion of Plaintiff's proposed Special Jury Instruction No. 3 – Agents of Corporation, which

---

[1] (*See*, R.Doc. 137 at 6, wherein Plaintiff states that Brugger and COMM Group were hired to maintain the building at 455 West Fort Street; *see also*, R.Doc. 62 at 15, wherein Plaintiff states that COMM Group was paid $1,000 a month to maintain the building.)

450781.3

accurately states the law and is a necessary addition in this case where corporations are acting through their employees and agents.

**M CIV JI  38.10    Agency: Apparent Agency Relationship**

The Defendant claims that Comm Group, Sterling Group and their employees, including:

Adriel Jackson,
Matthew Pollard
Michael Brugger, and
Elie Turgow

were acting as the plaintiff's agent. The plaintiff is bound by the acts of these individuals and entities as 455 Companies, LLC's agent if:

(a) the plaintiff put such individuals or entities in such a situation that an ordinary person familiar with the particular type of business involved in this matter would be justified in assuming that such individuals or entities had the authority to act on behalf of 455 Companies, LLC,

(b) the defendant assumed that such individuals or entities had the authority to act on behalf of the plaintiff, and

(c) the defendant was justified in assuming that such individuals or entities had the authority to act on behalf of the plaintiff.

***

Requested by Defendant

A standard jury instruction must be given if it is applicable and accurately states the law. MCR 2.516(D)(2); Pontiac School Distr v. Miller, Canfield, Paddock & Stone, 221 Mich. App. 602, 622; 563 N.W.2d 693 (1997).  Here, the

450781.3

8

instruction is applicable because 455 Companies, LLC designated the Sterling

Group/COMM Group as its agents to:  a) maintain 455 West Fort Street Building[2],

and b) handle the insurance claim to Landmark. (*See, e.g*., Katz Dep. 156:4-156:7,

"I had Ethan Gross, as you know, was **handling the insurance claim for us with**

**the cooperation of Sterling Group, COMgroup.**") (emphasis added.)

**PLAINTIFF'S OBJECTION:**

Plaintiff objects to this instruction as misleading and prejudicial.  *Davis v.*

*Mut. Life Ins. Co. of N.Y.*, 6 F.3d 367, 373 (6th Cir. 1993) (instructions as a whole

cannot be confusing, misleading, or prejudicial).  Comm Group, Sterling Group,

and the listed employees were not 455's agent for purposes of the insurance claim

at the heart of this dispute.  Comm Group and Sterling had their own interests to

protect in the event of a subrogation claim brought by Landmark.  Under the facts

of this case, Defendant's instruction improperly blurs this distinction to mislead the

jury and prejudice Plaintiff.  To the extent this instruction is to be accepted,

Plaintiff reserves the right to propose additional parties that it claims to be acting

as Defendant's agents, including but not limited to Engle Martin,  Robert West,

Wayne Elliott, Dennis McQuade, Jeffrey Nonhof, Elizabeth Carrie Buc, D.

Michael Dowdall, and Isaac Sheppard.

---

[2] (*See*, R.Doc. 137 at 6, wherein Plaintiff states that Brugger and COMM Group were hired to
maintain the building at 455 West Fort Street; *see also*, R.Doc. 62 at 15, wherein Plaintiff states
that COMM Group was paid $1,000 a month to maintain the building.)

450781.3

**SPECIAL INST. A        Contract / Insurance Policy**

A "contract" is a legally enforceable agreement to do or not to do something.

Here, it is undisputed that Plaintiff 455 Companies, LLC and Defendant Landmark

American Insurance Company entered into a written contract – this contract is called

an "insurance policy".

***

Requested by Defendant

    July 28, 2017 Opinion and Order, R.Doc. 158 at 10, citing Frankenmuth

Mut. Ins. Co. v. Masters, 460 Mich. 105, 111, 595 N.W.2d 832, 837 (1999).

Plaintiff's objection and alternative instruction below impermissibly invites the

jury to revisit the Court's Opinion and Order and find ambiguity in policy

provisions which this Court has already interpreted and decided are not ambiguous.

(*See*, R.Doc. 158 at 11, **"the policy is unambiguous."**) (emphasis added.)  The

interpretation of an insurance contract is an issue of law for the Court to decide,

not a question of fact for the jury.  Here, the construction and application of the

Protective Safeguard Endorsements and the Causes of Loss – Special Form has

already been decided by the Court. (See, July 28, 2017 Opinion and Order, R.Doc.

158 at 10, citing Wilkie v. Auto-Owners Ins. Co., 469 Mich. 41, 664 N.W.2d 776,

780 (2003) ("The meaning of a contract is a question of law.")); Travelers Prop.

Cas. of Am. v. Eyde Co., No. 5:05-CV-168, 2007 U.S. Dist. LEXIS 1674, at *8

450781.3

(W.D. Mich. Jan. 9, 2007), citing Auto-Owners v. Churchman, 440 Mich. 560, 566, 489 N.W.2d 431 (1992) ("[A]n insurance policy is an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties."); see also, M Civ JI 2.09, cf. M Civ JI 2.03.

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction and requests the following instructions related to the contract:

Special Jury Instruction No. 5 – Contract of Insurance

Special Jury Instruction No. 6 – Interpretation of an Insurance Contract

The Michigan Model Civil Jury Instructions reject Defendant's position that Plaintiff's proposed instruction related to the interpretation of the contract is improper.  *See* M Civ JI 142.53 ("You should interpret the words of the contract by giving them their ordinary and common meaning.").

450781.3

**SPECIAL INST. B          Breach of Contract, Generally**

Each party to a contract has a duty to perform his or her obligations under the contract.

A contract is breached or broken when a party does not perform what the party

promised to do in the contract.

\*\*\*

Requested by Defendant

This breach of contract wording is copied verbatim from M Civ JI 142.20 – Breach

of Contract/Substantial Performance (citing Gordon v. Great Lakes Bowling Corp,

18 Mich. App 358 (1969); P & M Construction Co v. Hammond Ventures, Inc., 3

Mich. App 306 (1966)), however, all language pertaining to substantial

performance has been deleted because as the insurance policy sets forth, and the

Court has expressly held, substantial compliance or "best efforts" does not satisfy

the policy's Protective Safeguards Endorsements and the term "substantial

compliance" is likely to be confused with "best efforts" by a lay jury. See, R.Doc.

158 at 11 ("Plaintiff's argument that the loss form's "best efforts" provision should

be applied … is misguided.")

**PLAINTIFF'S OBJECTION:**

Plaintiff objects to Defendant's improper editing of M Civ JI 142.20 to

mislead and confuse the jury. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367,

373 (6th Cir. 1993) (instructions as a whole cannot be confusing, misleading, or

prejudicial).  Such dramatic editing is not contemplated by the Model Rule.

Further, the Court's decision does not equate "best efforts" with substantial

compliance, and Defendant's attempt to alter the instruction in this fashion is

unwarranted.  Plaintiff does not object to the complete instruction of M Civ JI

142.20 in addition to its other proposed instructions regarding breach of contract:

      Special Jury Instruction No. 7 – Burden of Proof for Breach of Contract

      Special Jury Instruction No. 8 – Defendant Must Prove Causation

      Special Jury Instruction No. 9 – Insurance Policy Construction

450781.3

**SPECIAL INST. C – Insurance Policy Coverage and Exclusion**

I will now instruct you regarding certain terms and conditions of the insurance policy:

First, coverage is conditioned on maintaining heat at (presumably at least) 55 degrees. It does not matter whether the Plaintiff used its "best efforts" or otherwise tried to maintain the heat – if the Plaintiff failed to keep the building above 55 degrees, there is no coverage for the claimed water damage under the insurance policy.

Second, even if Plaintiff maintained the heat of the entire building at or above 55 degrees, certain loss or damage claimed under the insurance policy may still not be covered under the terms and conditions of the insurance policy called "exclusions".

The exclusions that Landmark has asserted are for:

    a)    Asbestos;

    b)    Mold, Fungus, Wet Rot, Dry Rot and Bacteria – in excess of $15,000; and

    c)    Replacement Cost.

and will be described to you in greater detail in the instructions that follow.

Requested by Defendant

July 28, 2017 Opinion and Order, R.Doc. 158 at 11 ("Coverage is conditioned on maintaining heat at (presumably at least) 55 degrees. Losses caused by water damage are excluded to the extent that Plaintiff failed to maintain the heat at 55 degrees prior to the loss. … Plaintiff's argument that the loss form's "best efforts" provision should be applied … is misguided.")

Landmark American Insurance Company insurance policy, no. LHD388678 (the "insurance policy"), excludes asbestos by endorsement entitled, "Asbestos Exclusion", form RSG 96013 1003.  The insurance policy excludes "'Fungus', Wet Rot, Dry Rot And Bacteria" in Causes of Loss -Special Form CP 10 30 06 07 (Section B), and defines "Fungus" to include, inter alia, "mold or mildew" (Section G), but also provides a limited additional coverage for "'Fungus', Wet Rot, Dry Rot And Bacteria" up to $15,000 (Section E).  The insurance policy "will not pay on a replacement cost for any loss or damage … until the lost or damaged property is actually repaired or replaced" pursuant to the Building and Personal Property Coverage Form CP 00 10 06 07 (Section G(3)(d)(1)).

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction as inconsistent with the law regarding burden and causation, Defendant's concessions in this case, and the language of the insurance contract at issue.  *See, e.g.*, *Hunt v. Drielick*, 496 Mich. 366, 373, 852 N.W.2d 562, 565–66 (2014); *Morrill v. Gallagher*, 370 Mich. 578, 587, 122

N.W.2d 687, 691 (1963); *Shelton v. Auto-Owners Ins. Co.*, 318 Mich. App. 648, 657, 899 N.W.2d 744, 749 (2017); *Monteleone v. Auto Club Grp.*, 113 F. Supp. 3d 950, 959 (E.D. Mich. 2015); *Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pa.*, 916 F. Supp. 2d 813, 822 (W.D. Mich. 2013); *Roddis Lumber & Veneer Co. v. Am. Alliance Ins. Co. of N.Y.*, 330 Mich. 81, 88, 47 N.W.2d 23, 26 (1951).  *See also Molnar v. Cent. Mut. Auto Ins. Co. of Detroit*, 242 Mich. 41, 42, 217 N.W. 770, 770 (1928); *Archambo v. Lawyers Title Ins. Corp.*, 466 Mich. 402, 405, 646 N.W.2d 170, 175 (2002); *Curth v. N.Y. Life Ins. Co.*, 274 Mich. 513, 521, 265 N.W. 749, 751 (1936); *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Future Davenport*, 519 S.W.3d 702, 705 (Ark. 2017); *Lakeland Asphalt Corp. v. Westfield Ins. Co.*, No. 1:10-CV-887, 2012 WL 360293, at *3 (W.D. Mich. Feb. 2, 2012). 455 further refers to its Brief in Support of Its Proposed Jury Instructions on Burden of Proof and Causation and in Opposition to Defendant's Proposed Jury Instructions, filed contemporaneously herewith.

450781.3

**SPECIAL INST. D**       **Imputed Knowledge of Insurance Policy Terms and Conditions**

[If needed]  Plaintiffs are charged with knowledge of the terms and conditions of the insurance policy even if they did not read it.

\*\*\*

Requested by Defendant

"[I]f the insured has not read the policy, he or she is nevertheless charged with knowledge of the terms and conditions of the insurance policy." Casey v. Auto-Owners Ins Co, 273 Mich App 388, 395; 729 NW2d 277 (2006).

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction as misleading and prejudicial.  *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 373 (6th Cir. 1993) (instructions as a whole cannot be confusing, misleading, or prejudicial).  This instruction is not relevant to any issue in this case and the effect will be to improperly suggest that Plaintiff did not read the Policy and is somehow attempting to avoid the plain language of the Policy.

450781.3

**SPECIAL INST. E          List of Propositions for use with M CIV JI 8.01 (a)**

In a moment I will provide you with the definition of the term "Burden of Proof."

Before doing so, I will list the individual propositions for which the plaintiff and

defendant respectively have the burden to prove.

     First, Plaintiff must prove that it complied with the policy's condition to

maintain the heat at 55 degrees just prior to the pipe rupture.  Plaintiff must also

prove its damages, including that all the property claimed by Plaintiff under the

Defendant's insurance policy was water damaged by the pipe rupture in January

2015.  Plaintiff must also prove that it provided Defendant with a satisfactory proof

of loss.

     Then, Defendant must prove any exclusions under its policy of insurance,

including the exclusions for asbestos, mold and fungus.

     [If needed]  Then, Plaintiff must prove the applicability of any exception to

Defendant's policy exclusions, including _[ insert exception(s) to exclusion(s) ]_.

***

Requested by Defendant

Plaintiffs bear the burden of proof to show actual compliance with all conditions

precedent under an insurance policy. Bruinsma v. State Farm Fire & Casualty Co.,

410 F. Supp. 2d 628, 633 (W.D. Mich. 2006); Decker Mfg. Corp. v. Travelers

Indem. Co., No. 1:13-CV-820, 2015 U.S. Dist. LEXIS 12169, at *28 (W.D. Mich.

Feb. 3, 2015); Valley Nat'l Bank of Arizona v. Kline, 108 Mich. App. 133, 137-38;

310 N.W.2d 301 (1981); Nykoriak v. Diamond State Insurance Company, No.

2:14-cv-14080, 2015 WL 12684462 (E.D.Mich. Dec. 31, 2015); see also, Couch

on Ins. (3d ed.) § 254:12 (2017). Plaintiffs bear the burden of proof to show the

filing of a timely and sufficient proof of loss. Id.

Plaintiffs bear the burden of proving their damages. Corbin v. Norfolk & Western

R. Co., 856 F.2d 193 (6th Cir. 1988).

Under Michigan law the "insured bears the burden of proving coverage, while the

insurer must prove than an exclusion to coverage is applicable." Travelers Prop.

Cas. of Am. v. Eyde Co., No. 5:05-CV-168, 2007 U.S. Dist. LEXIS 1674, at *9

(W.D. Mich. Jan. 9, 2007), citing Heniser v. Frankenmuth Mut. Ins. Co., 449 Mich.

155, 161 n.6, 534 N.W.2d 502 (1995) (quoting Arco Ind. Corp. v. American

Motorists Ins. Co., 448 Mich. 395, 424-25, 531 N.W.2d 168 (1995)). The insured

bears the burden of proving an exception to an exclusion. Id.

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction as inconsistent with the law regarding

burden and causation, Defendant's concessions in this case, and the language of

the insurance contract at issue. *See, e.g.*, *Hunt v. Drielick*, 496 Mich. 366, 373, 852

N.W.2d 562, 565–66 (2014); *Morrill v. Gallagher*, 370 Mich. 578, 587, 122

N.W.2d 687, 691 (1963); *Shelton v. Auto-Owners Ins. Co.*, 318 Mich. App. 648,

657, 899 N.W.2d 744, 749 (2017); *Monteleone v. Auto Club Grp.*, 113 F. Supp. 3d

950, 959 (E.D. Mich. 2015); *Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pa.*, 916

F. Supp. 2d 813, 822 (W.D. Mich. 2013); *Roddis Lumber & Veneer Co. v. Am.*

*Alliance Ins. Co. of N.Y.*, 330 Mich. 81, 88, 47 N.W.2d 23, 26 (1951).  *See also*

*Molnar v. Cent. Mut. Auto Ins. Co. of Detroit*, 242 Mich. 41, 42, 217 N.W. 770,

770 (1928); *Archambo v. Lawyers Title Ins. Corp.*, 466 Mich. 402, 405, 646

N.W.2d 170, 175 (2002); *Curth v. N.Y. Life Ins. Co.*, 274 Mich. 513, 521, 265

N.W. 749, 751 (1936); *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Future*

*Davenport*, 519 S.W.3d 702, 705 (Ark. 2017); *Lakeland Asphalt Corp. v. Westfield*

*Ins. Co.*, No. 1:10-CV-887, 2012 WL 360293, at *3 (W.D. Mich. Feb. 2, 2012).

455 further refers to its Brief in Support of Its Proposed Jury Instructions on

Burden of Proof and Causation and in Opposition to Defendant's Proposed Jury

Instructions, filed contemporaneously herewith.

450781.3

**SPECIAL INST. F        Conditions Precedent – Heat Maintained At 55 Degrees**

As a condition of the insurance, 455 agreed to maintain the building's heat at 55 degrees.

Plaintiff and Defendant agreed that Landmark did not have to pay for water damage unless 455 Companies, LLC maintained the heat at 55 degrees.

This requirement is called a condition precedent.  A condition precedent is a fact or event that must take place before there is a right to performance.

You must decide whether the heat was maintained at 55 degrees just prior to the pipe ruptures.

Plaintiff has the burden of proof that the condition precedent was satisfied, i.e., that the heat was maintained at 55 degrees just prior to the pipe ruptures.

\*\*\*

Requested by Defendant

July 28, 2017 Opinion and Order, R.Doc. 158 at 11 ("Coverage is conditioned on maintaining heat at (presumably at least) 55 degrees.")

Landmark American Insurance Company insurance policy, no. LHD388678 (the "insurance policy"), provides at Protective Safeguards – Form Change (form RSG 44025 0304), "We will not pay for loss or damage caused by or resulting from applicable causes of loss specified below, if prior to the loss, you … Failed to maintain any protection safeguard listed in the schedule above … Water Damage

450781.3

applies to Warrant Heat maintained at 55 degrees." The insurance policy

Protective Safeguards Endorsement (form IL 04 15 04 98) lists in the schedule,

"Heat maintained at 55 degrees.")

The language of this special instruction is taken from that of M Civ JI 142.22 –

Conditions Precedent (citing Reed v. Citizens Ins Co, 198 Mich App 443 (1993);

Koski v. Allstate Ins, 456 Mich 439 (1998); MacDonald v. Perry, 342 Mich 578

(1955); Knox v. Knox, 337 Mich 109 (1953)), however, all language pertaining to

the determination of whether the condition was part of the contract has been

deleted because it invites the jury to decide an issue of law – that that this

provision was not part of the insurance policy – contrary to the law of the case,

supra.

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction as inconsistent with the law regarding the

applicable burden of proof with respect to this condition. *See, e.g.*, *Hunt v.*

*Drielick*, 496 Mich. 366, 373, 852 N.W.2d 562, 565–66 (2014); *Morrill v.*

*Gallagher*, 370 Mich. 578, 587, 122 N.W.2d 687, 691 (1963); *Shelton v. Auto-*

*Owners Ins. Co.*, 318 Mich. App. 648, 657, 899 N.W.2d 744, 749 (2017);

*Monteleone v. Auto Club Grp.*, 113 F. Supp. 3d 950, 959 (E.D. Mich. 2015);

*Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pa.*, 916 F. Supp. 2d 813, 822 (W.D.

Mich. 2013); *Roddis Lumber & Veneer Co. v. Am. Alliance Ins. Co. of N.Y.*, 330

Mich. 81, 88, 47 N.W.2d 23, 26 (1951).  *See also Molnar v. Cent. Mut. Auto Ins. Co. of Detroit*, 242 Mich. 41, 42, 217 N.W. 770, 770 (1928); *Archambo v. Lawyers Title Ins. Corp.*, 466 Mich. 402, 405, 646 N.W.2d 170, 175 (2002); *Curth v. N.Y. Life Ins. Co.*, 274 Mich. 513, 521, 265 N.W. 749, 751 (1936); *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Future Davenport*, 519 S.W.3d 702, 705 (Ark. 2017); *Lakeland Asphalt Corp. v. Westfield Ins. Co.*, No. 1:10-CV-887, 2012 WL 360293, at *3 (W.D. Mich. Feb. 2, 2012).  455 further refers to its Brief in Support of Its Proposed Jury Instructions on Burden of Proof and Causation and in Opposition to Defendant's Proposed Jury Instructions, filed contemporaneously herewith.

**SPECIAL INST. G**                    **Measure of Damages**

If you decide that the plaintiff is entitled to damages, it is your duty to determine

the amount of money which reasonably, fairly and adequately compensates

plaintiff for its water damage, taking into account the nature and extent of the

injury.

The burden is on Plaintiff to prove its damages.

The extent to which Plaintiff's damages have been proved, if any, is for you to decide

based upon evidence and not upon speculation, guess or conjecture.

Your verdict must be solely to compensate plaintiff for its damages, and not to

punish the defendant.

***

Requested by Defendant

Plaintiffs bear the burden of proving their damages. Corbin v. Norfolk &

Western R. Co., 856 F.2d 193 (6th Cir. 1988).  The language of this special

instruction is taken in part from that of M Civ JI 50.01 – Measure of Damages –

Personal and Property (citing Allison v. Chandler, 11 Mich 542 (1863), Muskegon

Agency, Inc v. General Telephone Co, 350 Mich 41; 85 NW2d 170 (1957) and

Stillson v. Gibbs, 53 Mich 280; 18 NW 815 (1884)).  The Michigan Model Civil

Jury Instructions introduction to Plaintiff's proposed instruction (M Civ JI 51.01)

sets forth that, "After M Civ JI 50.01 has been completed, M Civ JI 51.01 should

follow." This alternate language is intended to cover both instructions, neither of which are applicable as-is. (See also, R.Doc. 159 at 12.)

**PLAINTIFF'S OBJECTION:**

Plaintiff objects to this instruction as misleading. Plaintiff requests the following instruction:

Instruction No. 44:  M Civ JI 51.01 Measure of Damages—Personal Property

**SPECIAL INST. H          Damages – Replacement Cost or Actual Cash Value**

Plaintiff has the burden of proving its damages as follows:

(a)      <u>Not repaired or replaced:</u>

For those components of the building Plaintiff has not actually repaired or replaced, the measure of damages is "Actual Cash Value."

"Actual Cash Value" means the cost to replace damaged property, minus depreciation.

"Depreciation" is a decline in a property's value because of use, wear or obsolescence. As part of your verdict, you must apply depreciation to the value of any part of the building that was not actually repaired or replaced.

(b)      <u>Repaired or replaced:</u>

For those components of the building Plaintiff has actually repaired or replaced, the measure of damages is "Replacement Cost."

"Replacement Cost" means the cost to replace damaged property without deduction for depreciation.

Your verdict must not award Replacement Cost for any part of the building which was not actually repaired or replaced.

\*\*\*

Requested by Defendant

450781.3

Landmark American Insurance Company insurance policy, no. LHD388678 (the "insurance policy"), provides at Building and Personal Property Coverage Form CP 00 10 06 07 (Section G(3)(d)), "We will not pay on a replacement cost basis for any loss or damage: (1) Until the lost or damaged property is actually repaired or replaced; and (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage. Cortez v. Fire Ins. Exchange, 493 N.W.2d 505, 196 Mich. App. 666 (1992) (Replacement Cost provision); (See also, R.Doc. 159 at 10-12.)

This is consistent with MCL 500.2826 and the case law. See e.g., Cortez v. Fire Ins. Exchange, 493 N.W.2d 505, 196 Mich. App. 666 (1992); Smith v. Michigan Basic Property Ins. Ass'n, 441 Mich. 181, 189 (1992). Landmark is cognizant of the Court's Opinion and Order of August 9, 2017 (R.Doc. 159), however, in the event that the Jury finds coverage, but does not find that Landmark was responsible for disabling Plaintiff from undertaking the repair or replacement – e.g., based upon 455's lack of any repair attempt whatsoever – then Plaintiff must effectuate repair or replacement in order to receive Replacement Cost value.

Plaintiffs bear the burden of proving their damages. Corbin v. Norfolk & Western R. Co., 856 F.2d 193 (6th Cir. 1988).

## PLAINTIFF'S OBJECTION:

450781.3

Plaintiff objects to this instruction as misleading and inconsistent with the Court's previous holding that "in the event that the finder of fact determines the loss to have been covered under the policy, Defendant's alleged bad faith would be relevant to whether Plaintiff should receive the replacement cost immediately or only after repairing or replacing the building."  *See* Dkt. No. 159 at 12.  Plaintiff requests the following instruction:

Instruction No. 44:  M Civ JI 51.01 Measure of Damages—Personal Property

450781.3

**SPECIAL INST. I          Damages – Undamaged Property**

Plaintiff has the burden of proving its damages.

Which, if any, of Plaintiff's claimed damages has been proved is for you to decide

based upon evidence and not upon speculation, guess or conjecture.

Your verdict must not award any damages for any part of the building which was not

actually damaged.

***

Requested by Defendant

Plaintiffs bear the burden of proving their damages. Corbin v. Norfolk & Western

R. Co., 856 F.2d 193 (6th Cir. 1988).  Plaintiff's objection below regarding actual

cash value and/or bad faith is inapplicable to Landmark's proposed instruction

above, which pertains to items claimed by 455 which have not actually been

damaged in the first instance.  The Landmark policy of insurance issued at the time

of the claimed loss, No. LHD388678, with an effective Policy Period of 7/8/2014

to 7/8/2015 (the "Landmark Policy") expressly requires physical damage taking

place within the policy period in order for there to be coverage.  Plaintiff's

alternative wording is inconsistent with the actual terms and conditions of the

Landmark Policy.

<u>**PLAINTIFF'S OBJECTION:**</u>

Plaintiff objects to this instruction as unnecessarily duplicative of other jury instructions and only likely to confuse and mislead the jury. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 373 (6th Cir. 1993) (instructions as a whole cannot be confusing, misleading, or prejudicial). Defendant's instruction is intended to mislead the jury regarding Plaintiff's available damages. *See* Dkt. No. 159 at 9 ("Plaintiff correctly contends that 'there is a covenant of good faith and fair dealing in every insurance contract.'"); *id.* at 12 ("Defendant's alleged bad faith would be relevant to whether Plaintiff should receive the replacement cost immediately or only after repairing or replacing the building. Either way, Defendant's motion must be denied with respect to its contention that Plaintiff is limited to recovering only the actual cash value.").

450781.3

**SPECIAL INST. J        Damages – Asbestos**

Landmark's insurance Policy does not apply to any loss, demand, claim or suit arising out of or related in any way to asbestos or asbestos-containing materials. Your verdict must not award any damages for any asbestos, asbestos removal, asbestos remediation or damages arising out of or related in any way to asbestos or asbestos-containing materials.

\*\*\*

Requested by Defendant

Landmark American Insurance Company insurance policy, no. LHD388678 (the "insurance policy"), excludes asbestos by endorsement entitled, "Asbestos Exclusion", form RSG 96013 1003.  Plaintiff's alternative wording is inconsistent with the actual terms and conditions of the Landmark exclusion.

**<u>PLAINTIFF'S OBJECTION:</u>**

Plaintiff objects to this instruction as misleading and inconsistent with Defendant's proposed Special Instruction F.  As an exclusion, this provision must be construed narrowly against Landmark.  To the extent Defendant has not met its burden by a preponderance of the evidence to show that a particular element of 455's claimed damages is related to asbestos or asbestos-containing materials and that its relation increased the total damage suffered, the exclusion does not apply to that element and 455 is entitled to coverage for all damages for that element.

450781.3

Plaintiff would not object to the following instruction: "Landmark's insurance Policy excludes coverage for any loss that increased the total amount of damages suffered that was arising out of or related to asbestos or asbestos-containing materials.  To the extent Defendant has met its burden by the preponderance of the evidence to show that the total amount that Plaintiff's alleged loss increased as a result of any damages related to asbestos or asbestos-containing materials, your verdict must not include an award for such increase in damages."

450781.3

**SPECIAL INST. K**        **Damages – Mold, Fungus, Wet Rot, Dry Rot and Bacteria**

Landmark's insurance Policy does not pay for loss or damage caused directly or indirectly by mold, such as "fungus", wet rot, dry rot and bacteria.

The presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria is not covered.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in sequence to the loss.

However, if "fungus", wet or dry rot, or bacteria is the result of water damage;

and ONLY if all reasonable means were used to save and preserve the property from further damage;

the Landmark insurance Policy will provide a <u>maximum amount of $15,000.00</u>.

If you determine that fungus", wet or dry rot, or bacteria is the result of water damage;

AND

If you also determine that all reasonable means were used to save and preserve the property from further damage,

Then the amount of "fungus", wet or dry rot, or bacteria damage that has been proved is for you to decide based upon evidence.

Regardless of whether the amount of "fungus", wet or dry rot, or bacteria damage proved is greater than $15,000.00, your verdict must not award any damages greater than $15,000.00 for "fungus", wet rot, dry rot and bacteria.

450781.3

\*\*\*

Requested by Defendant

Landmark American Insurance Company insurance policy, no. LHD388678 (the

"insurance policy"), excludes "'Fungus', Wet Rot, Dry Rot And Bacteria" in

Causes of Loss -Special Form CP 10 30 06 07 (Section B), and defines "Fungus"

to include, inter alia, "mold or mildew" (Section G), but also provides a limited

additional coverage for "'Fungus', Wet Rot, Dry Rot And Bacteria" up to $15,000

(Section E).  The wording of the instruction is in accordance with the terms and

conditions of the insurance policy.  Plaintiff's alternative wording is inconsistent

with the actual terms and conditions of the Landmark exclusion.

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction as misleading and inconsistent with

Defendant's proposed Special Instruction F.  As an exclusion, this provision must

be construed narrowly against Landmark.  To the extent Defendant has not met its

burden by a preponderance of the evidence to show that a particular element of

455's claimed damages is related to mold, such as "fungus", wet rot, dry rot and

bacteria and that its relation increased the total damage suffered, the exclusion does

not apply to that element and 455 is entitled to coverage for all damages for that

element.   The exclusion also does not apply if any damages related to mold, such

as "fungus", wet rot, dry rot and bacteria occurred as a result of Defendant's

conduct.  *See Hamill v. Pawtucket Mut. Ins. Co*., 892 A.2d 226, 230 (Vt. 2005)

(finding that claims for damage from delay "in repairing the water damage, which,

in turn, led to the growth of unhealthy mold" should be brought against the

insurance company as claims for breach of contract or bad faith, and could not be

brought against the insurer's independent adjuster); *Igwe v. Safeco Ins. Co. of Ind.*,

No. A-14-CV-587 LY, 2015 WL 6506391, at *8 (W.D. Tex. Oct. 27, 2015)

(insured must present evidence in support of claim that insurer "caused mold to

grow in his home because it ordered its contractors to cease drying activities),

report and recommendation adopted, No. A-14-CV-587-LY, 2015 WL 11430791

(W.D. Tex. Nov. 27, 2015).

Plaintiff would not object to the following instruction:

"Landmark's insurance Policy excludes certain coverage for loss or damage caused

directly or indirectly by mold, such as "fungus", wet rot, dry rot and bacteria,

including the presence, growth, proliferation, spread or any activity of "fungus",

wet or dry rot or bacteria.  Such loss or damage is excluded to the extent Defendant

has met its burden by the preponderance of the evidence to show the total amount

that Plaintiff's alleged loss increased as a result of this loss or damage, regardless

of any other cause or event that contributes concurrently or in sequence to the loss.

However, if "fungus", wet or dry rot, or bacteria is the result of water damage; and

only if all reasonable means were used to save and preserve the property from

further damage, then the Landmark insurance Policy will provide a maximum amount of $15,000.00.

Then the amount of "fungus", wet or dry rot, or bacteria damage that has been proved is for you to decide based upon evidence.

If you determine that "fungus", wet or dry rot, or bacteria is the result of water damage and you also determine that all reasonable means were used to save and preserve the property from further damage, then your verdict may award damages for this loss and damages.  But your verdict award for these damages for "fungus," wet or dry rot, or bacteria must not award any damages greater than $15,000.00 for "fungus", wet rot, dry rot and bacteria in this instance.

However, if you determine damage from "fungus", wet or dry rot, or bacteria is the result of Landmark's actions or failures, then this exclusion is inapplicable and your verdict award may award all damages from "fungus", wet or dry rot, or bacteria."

450781.3

**SPECIAL INST. L       Damages – Deductible**

I will now instruct you that Landmark's insurance Policy has a $25,000.00 per occurrence deductible.

To the extent that you award any damages to the Plaintiff for its property, your verdict must be reduced by $25,000.00 for each occurrence, which the Court will apply.

\*\*\*

Requested by Defendant in the event that Plaintiff does not stipulate that the final award, if any, must be reduced by $25,000.00 for each occurrence, to be applied by the Court.

Landmark American Insurance Company insurance policy, no. LHD388678 (the "insurance policy"), sets forth a $25,000 per occurrence property damage deductible in form RSG 94068 1113 at 1.

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this instruction because it is misleading and confusing. There is no dispute regarding the number of occurrences under the insurance policy and there is no dispute regarding the applicability of the deductible. There is no reason to instruct the jury on a deductible that the Court can apply to any damage award, which Defendant's proposed instruction itself concedes. This instruction serves no purpose but to mislead and confuse.

450781.3

**SPECIAL INST. M        Damages – Interest**

If you decide plaintiff has suffered damages, you should first determine when, if

ever, Plaintiff first issued satisfactory proof(s) of loss to defendant, and the amount(s)

of the proof(s) of loss.

Simple interest will then be calculated by the Court in accordance with Michigan

Law.  [in reference to Mich. Comp. Laws § 500.2006(4)]

\*\*\*

Requested by Defendant

Mich. Comp. Laws § 500.2006(4) provides in pertinent part that, "If benefits are not

paid on a timely basis, the benefits paid bear simple interest from a date 60 days after

satisfactory proof of loss was received by the insurer at the rate of 12% per annum."

Plaintiff's alternative wording is inconsistent with the actual wording of MCL §

500.2006(4).

## <u>PLAINTIFF'S OBJECTION:</u>

Plaintiff objects to this instruction as misleading and prejudicial.  *Davis v. Mut.*

*Life Ins. Co. of New York*, 6 F.3d 367, 373 (6th Cir. 1993) (instructions as a whole

cannot be confusing, misleading, or prejudicial).  Defendant's attempt to instruct the

jury on what it should "first determine" is not supported by the code.  *See* Mich.

Comp. Laws § 500.2006.  Plaintiff requests the following instruction:

Special Jury Instruction No. 15 – Penalty Interest

455 further refers to its Brief in Support of Its Proposed Jury Instructions on Burden of Proof and Causation and in Opposition to Defendant's Proposed Jury Instructions, filed contemporaneously herewith.

450781.3

## LANDMARK'S PROPOSED VERDICT FORM

QUESTION NO. 1:

Was the entire building's heat maintained at 55 degrees, and in complete working order, just prior to the water damage?

Answer:  (yes or no)  _____

If your answer is "no," do not answer any further questions.

If your answer is "yes," proceed to Question No. 2.

QUESTION NO. 2:

What is the full cost to repair or replace the property damaged by the water (without applying depreciation)?

Answer:  (amount)  _____

Proceed to Question No. 3.

QUESTION NO. 3:

What is the actual cash value of the property items actually damaged by water (determined by applying depreciation to the cost to repair or replace the property damaged by water)?

Answer: (amount)  _____

Proceed to Question No. 4.

QUESTION NO. 4:

Did Plaintiff repair or replace the property that was damaged by water?

Answer:  (yes or no)  _____

Proceed to Question No. 5.

450781.3

QUESTION NO. 5:

Does the cost to repair or replace the damaged property include costs related to asbestos?

Answer:  (yes or no)  _____

If your answer is "no," proceed to Question No. 6.

If your answer is "yes," please enter the amount of those costs.

Answer:  (amount)  _____

Proceed to Question No. 6.

QUESTION NO. 6:

Does the cost to repair or replace the damaged property include costs related to mold, fungus, wet rot, dry rot or bacteria?

Answer:  (yes or no)  _____

If your answer is "no," proceed to Question No. 7.

If your answer is "yes," please enter the amount of those costs.

Answer:  (amount)  _____

Proceed to Question No. 7.

QUESTION NO. 7:

Did Plaintiff submit satisfactory proofs of loss to Defendant?

Answer:  (yes or no)  _____

If your answer is "no," proceed to Question No. 8.

450781.3

If your answer is "yes," please enter the date or dates when Plaintiff first submitted satisfactory proofs of loss to Defendant and the amount of each satisfactory proof of loss.

Answer:  (date[s] and amount[s])  _____

Proceed to Question No. 8.

QUESTION 8:

Are each of the responses to the above questions the unanimous response of each individual member of the jury?

Answer:  _____ (yes or no)


**PLAINTIFF'S OBJECTION:**

Plaintiff 455 objects to the entirety of Defendant Landmark's proposed

verdict form and requests that the Court accept Plaintiff's proposed special verdict

form.

**DEFENDANT'S PROPOSED QUESTION NO. 1:**

Was the entire building's heat maintained at 55 degrees, and in complete working order, just prior to the water damage?

Answer:  (yes or no)  _____

If your answer is "no," **do not answer any further questions.**

If your answer is "yes," proceed to Question No. 2.

***

2:16-cv-10034-RHC-SDD   Doc # 183   Filed 05/07/18   Pg 43 of 55   Pg ID 12650

Plaintiff's objection is both incorrect and inconsistent with M CIV JI 142.30 Introduction to Damages, wherein the instruction sets forth, in pertinent part, "**If you find that [ name of party being sued on contract ] is not liable, then you do not need to consider the subject of damages.**" (Emphasis added.)

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this proposed special verdict question because it does not ask the jury to make "formal findings on issues of ultimate fact". *See Portage II v. Bryant Petroleum Corp.*, 899 F.2d 1514, 1520 (6th Cir. 1990). This question further misapplies the law regarding Defendant's burden of proof regarding the relevant exclusion and causation requirement. *See IMG Worldwide, Inc. v. Westchester Fire Ins. Co.*, 572 F. App'x 402, 407 (6th Cir. 2014) (affirming special verdict form finding: (1) policyholder "had proven by a preponderance of the evidence that [insurer] breached its contract with [policyholder] by not paying on the Policy"; (2) policyholder "proved by a preponderance of the evidence that there was an "occurrence;" (3) that "there was 'property damage;'" and, (4) insurer "had not proven by the requisite burden of proof that the 'expected or intended injury' exclusion applied"). *See also Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 795 (6th Cir. 1996) (proper special verdict questions included "Did the [defendant] manufacture a defective product?" and "Was the [defendant] negligent in one or more of the ways claimed by Plaintiffs?"). Defendant is also incorrect on the law

450781.3

that the answer of "No" to the proposed question would make all other factual

determinations irrelevant.  455 further refers to its Brief in Support of Its Proposed

Jury Instructions on Burden of Proof and Causation and in Opposition to

Defendant's Proposed Jury Instructions, filed contemporaneously herewith.

450781.3

## DEFENDANT'S PROPOSED QUESTION NO. 2:

What is the full cost to repair or replace the property damaged by the water (without applying depreciation)?

Answer: (amount) _____

Proceed to Question No. 3.

***

Plaintiff's objection is both incorrect and inconsistent with the language of the Landmark Policy under which 455 seeks replacement cost coverage. The Building and Personal Property Coverage Form [CP 00 10 06 07] of the Landmark Policy sets forth, that under specified conditions, "Replacement Cost (**without deduction for depreciation**) replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form." (Emphasis added.)

## PLAINTIFF'S OBJECTION:

Plaintiff objects to the proposed special verdict question because it is likely to create inconsistent verdicts. The measure of damages is properly reflected in the jury instructions and the "formal findings on issues of ultimate fact" should be the total requested damages as set forth in Plaintiff's proposed Special Verdict Form. *See Portage II v. Bryant Petroleum Corp.*, 899 F.2d 1514, 1520 (6th Cir. 1990).

450781.3

## DEFENDANT'S PROPOSED QUESTION NO. 3:

What is the actual cash value of the property items actually damaged by water (determined by applying depreciation to the cost to repair or replace the property damaged by water)?

Answer: (amount)  _____

Proceed to Question No. 4

***

Plaintiff's objection is both incorrect and inconsistent with the language of the Landmark Policy under which 455 seeks replacement cost coverage. The Building and Personal Property Coverage Form [CP 00 10 06 07] of the Landmark Policy sets forth, that unless specified conditions are met, "We will determine the value of Covered Property in the event of loss or damages as follows: … At actual cash value …" Actual cash value has been defined by Plaintiff's own valuator as the depreciated value of repair or replacement cost. (See, Gross Dep. 360:15-360:22, "The replacement cost would be the cost to replace brand new. The **actual cash value is the depreciated value of those repairs or replacements**.") (Emphasis added.)

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this question as likely to confuse the jury and contrary to the law of the case. The Court has already ruled that if Plaintiff is entitled to coverage, it is entitled to replacement cost value of the loss, the only question is

whether Plaintiff is entitled to that replacement cost value before or after it replaces the damaged property, which the Policy provides can take place at its "original premises" or "at a new premises." *See* Dkt. No. 159 at 10-12. The Court further ruled that if the jury finds that Defendant acted in bad faith, Plaintiff is entitled to the replacement cost value of the loss immediately. *Id.*.

450781.3

## DEFENDANT'S PROPOSED QUESTION NO. 4:

Did Plaintiff repair or replace the property that was damaged by water?

Answer:  (yes or no)  _____

Proceed to Question No. 5.

***

Plaintiff's objection is both incorrect and inconsistent with the language of the Landmark Policy under which 455 seeks replacement cost coverage.  The Building and Personal Property Coverage Form [CP 00 10 06 07] of the Landmark Policy sets forth, *inter alia*, that "**We will not pay on a replacement cost basis for any loss or damage:  (1) Until the lost or damage property is actually repaired or replaced** …") Form CP 00 10 06 07 (Section G(3)(d)(1)) (Emphasis added.)

This is consistent with MCL 500.2826 and the case law. See e.g., Cortez v. Fire Ins. Exchange, 493 N.W.2d 505, 196 Mich. App. 666 (1992); Smith v. Michigan Basic Property Ins. Ass'n, 441 Mich. 181, 189 (1992).  Landmark is cognizant of the Court's Opinion and Order of August 9, 2017 (R.Doc. 159), however, in the event that the Jury finds coverage, but does not find that Landmark was responsible for disabling Plaintiff from undertaking the repair or replacement – e.g., based upon 455's lack of any repair attempt whatsoever – then Plaintiff must effectuate repair or replacement in order to receive Replacement Cost value.

## PLAINTIFF'S OBJECTION:

450781.3

Plaintiff objects to this question as likely to confuse the jury and contrary to the law of the case. On the issue of whether Plaintiff repaired property that was damaged by water, it is undisputed that Plaintiff hired a remediation contractor who performed extensive repairs on the building; thus asking the jury for a finding of repair to the property is unnecessary and likely to be confusing. On the issue of whether any damaged property was replaced, Plaintiff objects that this question is contrary to the law of the case and incorporates its objection to Question No. 3.

450781.3

**<u>DEFENDANT'S PROPOSED QUESTION NO. 5:</u>**

Does the cost to repair or replace the damaged property include costs related to asbestos?

Answer:  (yes or no)  _____

If your answer is "no," proceed to Question No. 6.

If your answer is "yes," please enter the amount of those costs.

Answer:  (amount)  _____

Proceed to Question No. 6.

\*\*\*

Plaintiff's objection is both incorrect and inconsistent with the language of the Landmark Policy under which 455 seeks replacement cost coverage.  Landmark's Policy excludes asbestos by endorsement entitled, "**Asbestos Exclusion**", form RSG 96013 1003.  (Emphasis added.)

**<u>PLAINTIFF'S OBJECTION:</u>**

Plaintiff objects to this question and requests that the Court use Plaintiff's Proposed Verdict Form Questions No. 5 and 6 relating to the asbestos exclusion.

## DEFENDANT'S PROPOSED QUESTION NO. 6:

Does the cost to repair or replace the damaged property include costs related to mold, fungus, wet rot, dry rot or bacteria?

Answer:  (yes or no)  _____

If your answer is "no," proceed to Question No. 7.

If your answer is "yes," please enter the amount of those costs.

Answer:  (amount)  _____

Proceed to Question No. 7.

***

Plaintiff's objection is both incorrect and inconsistent with the language of the Landmark Policy under which 455 seeks replacement cost coverage.  Landmark's Policy excludes "'Fungus', Wet Rot, Dry Rot And Bacteria" in Causes of Loss - Special Form CP 10 30 06 07 (Section B), and defines "Fungus" to include, inter alia, "mold or mildew" (Section G), but also provides a limited additional coverage for "'Fungus', Wet Rot, Dry Rot And Bacteria" up to $15,000 (Section E).

## PLAINTIFF'S OBJECTION:

Plaintiff objects to this question and requests that the Court use Plaintiff's Proposed Verdict Form Questions No. 7 and 8 relating to the mold exclusion.

450781.3

**DEFENDANT'S PROPOSED QUESTION NO. 7:**

Did Plaintiff submit satisfactory proofs of loss to Defendant?

Answer:  (yes or no)  _____

If your answer is "no," proceed to Question No. 8.

If your answer is "yes," please enter the date or dates when Plaintiff first submitted satisfactory proofs of loss to Defendant and the amount of each satisfactory proof of loss.

Answer:  (date[s] and amount[s])  _____

Proceed to Question No. 8.

\*\*\*

Plaintiff's objection is both incorrect and inconsistent with the language of Mich. Comp. Laws § 500.2006(4) provides in pertinent part that, "If benefits are not paid on a timely basis, the benefits paid bear simple interest **from a date 60 days after satisfactory proof of loss was received by the insurer** at the rate of 12% per annum." (Emphasis added.)

**PLAINTIFF'S OBJECTION:**

Plaintiff objects to this proposed special verdict question because it does not ask the jury to make "formal findings on issues of ultimate fact."  *See Portage II v. Bryant Petroleum Corp.*, 899 F.2d 1514, 1520 (6th Cir. 1990); *see also Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 795 (6th Cir. 1996) (proper special verdict

450781.3

questions included "Did the [defendant] manufacture a defective product?" and

"Was the [defendant] negligent in one or more of the ways claimed by

Plaintiffs?").   The proposed question misstates the policy and the law.  The Policy

provides that 455 must send a signed, sworn proof of loss to Landmark "within 60

days after [Landmark's] request," and states "We [Landmark] will supply you with

the necessary forms."  At no time prior to May 13, 2015, did Landmark request a

proof of loss from 455 or provide any forms for a proof of loss.  Under Michigan

law, where the insurer never requests a proof of loss, it cannot later use the fact

that it never made such a request as a defense to penalty interest; rather, such

interest is deemed to commence 60 days after the policyholder provided notice of

the claim.  *See, Mathis v. Encompass Ins. Co.*, No. 06-CV-13837, 2008 WL

919934, at *4 (E.D. Mich. Apr. 3, 2009) (holding that where a policyholder had

provided notice of claim, the insurer had received notice and established a claim

number but never thereafter specified in writing what constituted satisfactory proof

of loss, the calculation of penalty interest began sixty days after the policyholder

submitted notice of the loss).  455 further refers to its Brief in Support of Its

Proposed Jury Instructions on Burden of Proof and Causation and in Opposition to

Defendant's Proposed Jury Instructions, filed contemporaneously herewith.

450781.3

**DEFENDANT'S PROPOSED QUESTION NO. 8:**

Are each of the responses to the above questions the unanimous response of each individual member of the jury?

Answer: _____ (yes or no)

\*\*\*

Defendant requests that the Jury's verdict be unanimous, per Fed.R.Civ.P. 48.

**PLAINTIFF'S OBJECTION:**

Plaintiff objects to this special verdict question as more proper for a jury instruction rather than a special verdict question because it does not ask the jury to make "formal findings on issues of ultimate fact." *See Portage II v. Bryant Petroleum Corp.*, 899 F.2d 1514, 1520 (6th Cir. 1990). Guidance regarding the unanimous verdict requirement under Fed. R. Civ. P. 48(b) is more proper in a jury instruction if necessary at all.

Dated:        New York, New York
              May 7, 2018

                              /s/ Courtney E. Murphy
                              **CLAUSEN MILLER P.C.**
                              Attorneys for Defendant
                              28 Liberty Street, 39th Fl.
                              New York, NY 10005
                              (212) 805-3900
                              cmurphy@clausen.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2018, I mailed and emailed the foregoing paper to the following **James Wilson, Burt Garson, Alex Sugzda**.

/s/ Courtney E. Murphy
**CLAUSEN MILLER P.C.**
Attorneys for Defendant
28 Liberty Street, 39th Fl.
New York, NY 10005
(212) 805-3900
Dated: May 7, 2018                      cmurphy@clausen.com

450781.3